**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 26-1703

_____

IN RE: PHILLIP J. PELLA,
                                                             Petitioner

_____

On a Petition for Writ of Mandamus to the
United States District Court for the District of New Jersey
(Related to Civ. Nos. 1:25-cv-13268, 1:25-cv-16933)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 16, 2026
Before: *Chief Judge* CHAGARES, HARDIMAN and RESTREPO, *Circuit Judges*

(Opinion filed: May 15, 2026)
_____

OPINION[*]
_____

PER CURIAM

Phillip Pella has filed a pro se petition for a writ of mandamus in which he

requests that we compel the District Court to rule on various filings in two related cases,

including Pella's third amended complaint in each case. We will deny the petition.

In 2025, Pella filed two District Court actions in which he sought relief related to

his loss of certain benefits administered by the state of New Jersey, including

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

employment assistance, food, and housing benefits. The District Court administratively terminated the cases because Pella failed to pay the filing fee or file a complete application to proceed in forma pauperis ("IFP"). Pella responded by filing IFP applications and motions to reopen the cases.

On February 13, 2026, Pella filed his first mandamus petition relating to this matter, in which he requested that we compel the District Court to rule on his pending IFP applications and related motions. *See* Doc. No. 1, C.A. No. 26-1306. On February 25 and 26, 2026, the District Court granted the IFP applications, screened the operative complaints, dismissed them without prejudice, and granted Pella leave to amend. Pella then immediately filed his third amended complaint in each case.

On March 4, 2026, we denied Pella's first mandamus petition, concluding that his petition was moot because the Distrct Court had ruled on the IFP applications and related motions. *See* Doc. No. 19, C.A. No. 16-1306. To the extent that Pella also requested mandamus relief directing the District Court to rule on his third amended complaints (which had just been filed) and related motions, we concluded that he had not shown a clear and indisputable right to such relief. *See id.* Less than a month later, on March 31, 2026, Pella filed this mandamus petition, which requests essentially the same relief related to his third amended complaints.

Mandamus is a drastic remedy that should be granted only in extraordinary circumstances. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that "no other adequate means" exist to obtain the relief requested, and a "clear and indisputable"

2

right to issuance of the writ. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). As a general rule, "matters of docket control" are within the discretion of the District Court. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).

As we explained when we denied Pella's previous mandamus petition, this is not a case in which the District Court's delay suggests a failure to exercise jurisdiction, and Pella has not shown a clear and indisputable right to have us direct the District Court to rule on Pella's third amended complaints and related filings. *See Madden*, 102 F.3d at 79. The District Court fairly recently ruled on the previous iteration of Pella's complaints and related filings. We remain confident that the District Court will expeditiously rule on the third amended complaints and related motions.

Accordingly, we will deny the mandamus petition. Pella's motion for expedited consideration of the mandamus petition and all of his other pending requests also are denied.